# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| MILIVOJ MARINKOVIC | No. 4-02-bk-00378-JMM |
| Debtor. | Adversary No. 4-05-ap-00182-JMM |
| MEL M. MARIN and MILIVOJ MARINKOVIC, | **MEMORANDUM DECISION** |
| Plaintiffs, | (Opinion to Post) |
| vs. | |
| THE CITY OF UTICA NY, et al., | |
| Defendants. | |

On November 8, 2005, this court heard oral argument on a motion to dismiss filed by the New York State Public Service Commission ("Commission"). The Commission was represented by John Favreau; the Debtor appeared pro se; Mel Marin, the Debtor's son and a party plaintiff also appeared. After argument, the court took the matter under advisement in order to review the status of the entire file in an effort to place the matter into its proper legal context. Having now done so, the court issues this Memorandum Decision setting forth its legal reasoning and conclusions.

### A. The Bankruptcy Case

The Debtor originally filed a case under chapter 11 on January 30, 2002. A chapter 11 Trustee, Randall P. Sanders, was appointed on March 27, 2002.

Thereafter, on April 30, 2003, Mr. Sanders proposed a reorganization plan (Dkt. #235) which was confirmed by the court on October 20, 2003 (Dkt. #310). Mel Marin appealed that order, but its effect was not stayed pending appeal (Dkt. #324).

h:\wp\orders\

The liquidation plan proposed by the Trustee included a disclosure statement (Dkt. #236). One of the assets listed as being owned by the Debtor was a duplex located at 808 Oswego Street, Utica, New York. The Trustee estimated its value at $15,000 (Dkt. #236 at 5, lines 13-14). According to the plan, this asset would be liquidated.

### B. The Utica, New York Property

Although the confirmed plan and disclosure statement provided for liquidation of the Utica, New York duplex, that statement is inconsistent with other pleadings in the file.

Earlier, on or about March 26, 2003, the Trustee had applied to the court to abandon this property from the estate, along with lots in New Castle, Pennsylvania (Dkt. #211).

On April 6, 2005, this court granted the Trustee's application to abandon, from the estate, the real property in New Castle, Pennsylvania (Dkt. #390).

However, the court cannot locate, anywhere in the administrative file, that the property, which is the subject of this action in Utica, New York, has ever been abandoned from the estate. Perhaps it was inadvertently omitted from the abandonment order. If not, then it is still subject to the liquidation provisions of the confirmed plan. More importantly, the Trustee is still the party in control of the property and its disposition.

The Trustee, then, is the real party-in-interest with regard to issues affecting the Utica, New York property. Only the Trustee, as of this date and pursuant to the plan's provisions, has standing to sue for perceived damages to the property. Only the Trustee has a pecuniary interest in the property. *In re Fondiller*, 707 F.2d 441, 445 (9th Cir. 1983). Thus, neither of the Plaintiffs have legal standing to bring actions involving this property.

## C. Jurisdiction

Once a confirmation order is entered, a bankruptcy court's jurisdiction is limited only to those matters over which jurisdiction has been specifically retained. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 972 -73 (9th Cir. 2005) (if a bankruptcy court preserves issues for later adjudication by adversary proceeding, then the merits of those actions are also preserved). In addition, a confirmed reorganization plan operates as a final judgment with res judicata effect. *In re Robert L. Helms Constr. & Dev. Co.*, 139 F.3d 702, 704 (9th Cir.1998); *see also Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938) (same). Any alternative action by Debtor in another forum would constitute an impermissible collateral attack on the confirmed plan.

Here, the plan authorized retention of jurisdiction only for the following controversies or administrative matters:

1. determining allowance of claims or interests, objections thereto, and any other purpose contemplated in the Plan or which will otherwise assist in the consummation of the Plan;

2. determining allowance/payment of other claims or administrative expenses;

3. determining any dispute over the interpretation, implementation, or consummation of the Plan;

4. to make modifications of the Plan in the Estate's best interest, prior to its consummation;

5. to enter an order confirming and consummating this Plan, and dismissing and concluding the case;

6. to address the rejection or assumption of any executory contract, or an unexpired lease or leases that are subsequently discovered.

Case 4:05-ap-00182-JMM    Doc 44    Filed 12/13/05    Entered 12/14/05 11:14:25    Desc
Main Document    Page 3 of 5

(Dkt. #310, page 7.) As far as the court can discern from the amended complaint, the action and prayer are not intended to carry out any of the provisions of the confirmed plan. Nor does the action articulate any item which would appear to fall within the retained jurisdiction of the court, post-confirmation.

Furthermore, where the confirmed plan here provides that the estate property will be liquidated by the Trustee, the Debtor and Mel Marin lack standing to attempt to administer any asset that is property of the liquidating estate. *See Hillis Motors, Inc. v. Haw. Aut. Dealers' Ass'n*, 997 F.2d 581, 590 (9th Cir. 1993) (post-confirmation, the debtor was not free to deal with its property as if it were not subject to the jurisdiction of the bankruptcy court).

### D. Adversary No. 4-05-ap-00182-JMM

On May 12, 2005, a complaint was filed in this case, which was superceded by an amended complaint on September 12, 2005 (Dkt. #24). The Trustee was not a party.

Thereafter, one of the defendants, the Commission, was served by mail and appeared. On October 5, 2005, the Commission filed a motion to dismiss, or alternatively, a motion for summary judgment (Dkt. #29).

As near as the court can discern from the amended complaint, the conduct at issue, and the remedy sought, appear to have nothing to do with the liquidation and sale of the property, as the plan proposes. Thus, there is no relationship or "nexus" between the plan provisions and the retained jurisdiction of the bankruptcy court. The court simply has no subject matter jurisdiction to grant the relief sought by the Debtor and Mel Marin. *See In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir. 2005).

### E. Conclusion

This court concludes that the plaintiffs in this action have no legal standing to bring this adversary proceeding, and that this court has no retained jurisdiction, in any event, to hear this

controversy, as its subject matter does not set forth a claim covered by the confirmed plan, and that the subject of the amended complaint has no nexus to the plan's provisions merely to liquidate the property.

Accordingly, the motion to dismiss, filed by the Commission, will be granted by separate order.

DATED: December 13, 2005.

/s/ James M. Marlar
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 13 day of December, 2005, upon:

| | |
|---|---|
| Milivoj Marinkovic<br>808 Oswego<br>Utica, NY  13502 | U.S. Mail |
| Mel M. Marin<br>Box 2675<br>Vista, CA 92085 | U.S. Mail |
| Catherine M Hedgeman<br>50 Beaver Street<br>Albany, NY 12207-2830 | U.S. Mail |
| John L Favreau<br>NYS Department of Public Service<br>3 Empire State Plaza<br>Albany, NY 12223 | U.S. Mail |
| Scott D. Gan<br>Mesch, Clark & Rothschild, P.C.<br>259 N. Meyer Ave.<br>Tucson, AZ 85701 | Email ecfbk@mcrazlaw.com |
| Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ  85003-1706 | U.S. Mail |

By /s/ MB Thompson
Judicial Assistant